IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| FABBIAN DONTA SCOTT | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-620 |
| ZENA STEPHENS, SHERIFF | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Fabbian Donta Scott, a pre-trial detainee confined at the Jefferson County Jail in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 29, 2021 (doc. # 1). Petitioner has been awaiting trial for charges pending against him in Cause Numbers 21-36748 and 21-36749 in Jefferson County, Texas since March 31, 2021. Giving the petition the most liberal construction, Petitioner alleges the following:

1. He was "illegally indicted without a case filed from law enforcement and unlawfully imprisoned" in violation of the United States Constitution and treaties;

2. Prosecutor Duchamp, "constructed a false and perjured indictment against him to keep him detained under excessive bond;"

    3.      He has been unlawfully imprisoned doe to the "malicious, tortious an unconstitutional acts of Kimberly Duchamp;"

    4.      He was arrested and never informed of a warrant for his arrest or probable cause for his arrest or detention;

    5.      He has been detained (at the time) for 9 months without being afforded an examining trial to investigate the legality of his detention; and

    6.      The grand jury failed to sufficiently research the truthfulness and/or sufficiency of the probable cause affidavit before indicting him.

*Id.*, pgs. 1-6. For relief, Petitioner requests that he be discharged. *Id*.

Petitioner then filed a Notice of Additional Grounds for Relief on January 24, 2022 (doc. #s 5 & 6). Petitioner alleges the following additional claims:

    1.      He is being held on a 1 million dollar bond which is excessive and "is being used as an instrument of oppression" to keep him incarcerated;

    2.      He is being singled out for prosecution by the prosecutor based on his race;

    3.      Prosecutor Duchamp used "someone else [sic] evidence to get him indicted." (Petitioner complains that he was identified by an electronic device such as a phone number);

    4.      He is innocent and is being held for information;

    5.      Ineffective assistance of counsel;

    6.      The trial court, the prosecutor and his court-appointed attorney are working together to coerce a plea;

    7.      The District Clerk doesn't docket pre-trial writs of habeas corpus; and

    8.      He has been denied a speedy trial.

*Id*.

On January 26, 2022, the undersigned entered a Report and Recommendation, recommending dismissing the petition for failure to exhaust administrative remedies (doc. # 8). An independent review of the website for the Texas Court of Criminal Appeals revealed at the time that Petitioner

had not presented his claims to the Texas Court of Criminal Appeals. *Id*. Petitioner filed objections to the report re-urging the same claims and alleging that he did exhaust his administrative remedies (doc. #s 11-13). Petitioner states he filed a pre-trial writ of habeas corpus with the trial court and appealed the ruling to the Ninth Court of Appeals.[1] Petitioner also complains his pre-trial writs are not being docketed. *Id*. Petitioner re-urges his request to this court for a discharge or reasonable bail. *Id*.

In a Notice filed on April 25, 2022 (doc. # 16), Petitioner attaches a Memorandum Opinion and Judgment from the Third Court of Appeals, *Ex parte Fabbian Donte Scott*, No. 03-22-00080-CR, wherein Petitioner appealed a January 31, 2022, order denying his application for a pretrial writ of habeas corpus. *Id.*, pg. 2. The Third Court of Appeals denied the appeal for lack of jurisdiction. *Id*. Petitioner also attaches a Memorandum Order and Judgment from the Ninth Court of Appeals, *In re Fabbian Donte Scott,* No. 09-22-00033-CR, wherein Petitioner filed a writ of mandamus alleging he is being held on a defective indictment and complaint, and complains the trial court denied the motion to quash the indictment. *Id*., pg. 6. The Ninth Court of Appeals denied the petition. *Id*.

In light of the objections and Petitioner's arguments regarding exhaustion, the Report and Recommendation was withdrawn (doc. # 20), and Respondent was ordered to show cause (doc. # 21). Currently pending is a Response and a Motion for Summary Judgment (doc. #s 23-24). Respondent construed the claims as limited to the following: (1) the indictments against Petitioner are invalid and based on false or perjured evidence presented by the prosecutor, (2) Petitioner was

---

[1] Petitioner does not specify what he challenged in the pre-trial writ. Petitioner later states that he appealed the denials of his pre-trial writs to the Texas Court of Criminal Appeals who informed Petitioner he could not file motions *pro se*. *Id*. Petitioner vacillates between his use of Court of Appeals, Ninth Court of Appeals and the Texas Court of Criminal Appeals.

arrested and not informed of the warrant or the probable cause for his arrest, and (3) a challenge to the grand jury's finding of probable cause. *Id.*, pg. 1. Respondent argues Petitioner failed to properly exhaust his administrative remedies with the Texas Court of Criminal Appeals and, alternatively, the claims lack merit (doc. # 24).

## Standard of Review

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine dispute of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine dispute of material fact remains for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations in the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)

(citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. *Celotex*, 477 U.S. at 322-23; *ContiCommodity Servs., Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted). Furthermore, there must be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," unsubstantiated assertions, or the presence of a "scintilla of evidence" is not enough to create a real controversy regarding material facts. *See, e.g. Lujan v. National Wildlife Federation*, 497 U.S. at 902; *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1086 (5th Cir. 1994). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## Analysis

*Exhaustion*

Title 28 U.S.C. § 2241 contains no statutory exhaustion requirement. See 28 U.S.C. § 2241(c)(3). Although the exhaustion of state habeas remedies is only statutorily mandated for post-trial habeas claims under 28 U.S.C. § 2254(b), the Fifth Circuit has developed an exhaustion doctrine for all habeas actions, holding that federal courts should abstain from exercising jurisdiction over pre-trial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Exhaustion of habeas claims in Texas entails submitting the factual basis of any claim to the Texas Court of Criminal Appeals. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, (1983). Exceptions exist only where there is an absence of available state corrective process or "exceptional circumstances of peculiar urgency" render such process ineffective to protect

the rights of the applicant. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

In the case of a pre-trial detainee such as Petitioner, the state trial courts have jurisdiction in habeas corpus petitions filed pursuant to Article 11.08 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. Ann. art. 11.08 (West 2023). Article 11.08 allows a post-indictment pre-trial detainee to challenge his confinement via a writ of habeas corpus. The writ is to be addressed to the state court in which the criminal proceeding is pending. *Ex parte Tucker*, 977 S.W.2d 713, 715 (Tex. App. - Fort Worth, 1998) (citing *Ex parte Gray*, 564 S.W.2d 713, 714 (Tex. Crim. App. 1978)); *see also Ex parte Weise*, 55 S.W.3d 617, 619-20 (Tex. Crim. App. 2001) (pretrial writs are available to assert constitutional protections with respect to bail, otherwise constitutional protections would be effectively undermined if these issues were not cognizable). If a trial court denies habeas relief, the applicant's appropriate remedy would be to take an appeal from this denial to the court of appeals. *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981). If the applicant is not satisfied with the decision of the court of appeals, he may petition for discretionary review with the Texas Court of Criminal Appeals. *Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986).

Here, Respondent construed Petitioner's § 2241 petition to allege only (1) the indictments against Petitioner are invalid and based on false or perjured evidence presented by the prosecutor, (2) Petitioner was arrested and not informed of the warrant or the probable cause for his arrest, and (3) a challenge to the grand jury's finding of probable cause. The competent summary judgment evidence demonstrates that Petitioner attempted to file three pretrial writs of habeas corpus. One, apparently filed in the trial court, was appealed to the Texas Third Court of Appeals which was dismissed for want of jurisdiction. Exhibit D, *Ex parte Fabbian Donte Scott,* No. 03-22-00080-CR (doc. # 24-4). The other two were filed directly with the Ninth Court of Appeals and were denied

as intermediate appellate courts lack original habeas corpus jurisdiction and do not have the power to issue writs of habeas corpus. Exhibit G, *Ex parte Fabbian Donta Scott*, Nos. 09-22-00234-CR and 09-22-00235-CR (doc. # 24-7). As to these claims, Petitioner has failed to demonstrate a genuine dispute of material fact as to exhaustion and summary judgment should be granted.

With respect to Petitioner's remaining claims, the motion for summary judgment should be denied. Respondent fails to address them as to exhaustion or on their merits.[2]

## Recommendation

Respondent's Motion for Summary Judgment as to Petitioner's claims that (1) the indictments against Petitioner are invalid and based on false or perjured evidence presented by the prosecutor, (2) Petitioner was arrested and not informed of the warrant or the probable cause for his arrest, and (3) a challenge to the grand jury's finding of probable cause should be granted for failure to exhaust administrative remedies. As to Petitioner's remaining claims, the Motion for Summary Judgment should be denied.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings,

---

[2] The court notes the records provided by Respondent do not appear to be a complete copy of the state court records in this case. For example, a search of the database for the Jefferson County District Clerk's office for this case, reveals Petitioner filed a Notice of Appeal relating to a pretrial writ of habeas corpus seeking a bond reduction. On the present record, the court cannot make a determination as to exhaustion with respect to Petitioner's other claims.

conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 23rd day of August, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE